VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF HAMPTON

LARRY D. LEWIS,

    Plaintiff,

v.                                      Civil Action No. CL14-2009

J.C. Penney Company, Inc. *et al.*,

    Defendants.

## ANSWER

COMES NOW the defendant, J.C. PENNEY COMPANY, INC., by counsel, and in response to the Complaint filed by plaintiff, states the following:

    1.    Upon information and belief, Defendant admits the allegation in paragraph 1 of plaintiff's Complaint.

    2.    Defendant denies the allegation in paragraph 2 of plaintiff's Complaint. Defendant affirmatively states that J.C. Penney Corporation, Inc. operates and maintains a retail location at 2071 Coliseum Drive, Hampton, Virginia.

    3.    Defendant lacks sufficient information to admit or deny the allegations in paragraph 3 of plaintiff's Complaint and therefore denies same and demands strict proof thereof.

    4.    Defendant denies the allegations in paragraph 4 of plaintiff's Complaint as phrased. Defendant affirmatively states that upon information and belief, Plaintiff was in J.C. Penney Corporation Inc.'s retail store located at 2071Coliseum Drive, Hampton, VA 23666 on or about November 30, 2012.

EXHIBIT B

5.   The allegations in paragraph 5 of plaintiff's complaint are legal conclusions and not factual averments to which a response is required.

6.   Defendant denies the allegation in paragraph 6 of plaintiff's Complaint. Defendant affirmatively states that J.C. Penney Corporation, Inc. operates and maintains a retail location at 2071 Coliseum Drive, Hampton, Virginia.

7.   Defendant denies the allegation in paragraph 7 of plaintiff's Complaint. Defendant affirmatively states that J.C. Penney Corporation, Inc. operates and maintains a retail location at 2071 Coliseum Drive, Hampton, Virginia.

8.   The allegations in paragraph 8 of plaintiff's complaint are statements of law and not factual averments to which a response is required. To the extent a response is required; Defendant denies that it is an accurate statement of law.

9.   Defendant denies the allegations in paragraph 9 of Plaintiff's complaint.

10.   Defendant denies the allegations in paragraph 10 of Plaintiff's complaint.

11.   Defendant denies the allegations in paragraph 11 of Plaintiff's complaint.

12.   Defendant denies the allegations in paragraph 12 of Plaintiff's complaint.

13.   Defendant denies the allegations in paragraph 13 of Plaintiff's complaint.

14.   Defendant lacks sufficient information to admit or deny the allegations in paragraph 14 of plaintiff's Complaint and therefore denies same.

15.   Defendant lacks sufficient information to admit or deny the allegations in paragraph 15 of plaintiff's Complaint and therefore denies same.

16.   Defendant lacks sufficient information to admit or deny the allegations in paragraph 16 of plaintiff's Complaint and therefore denies same.

17. Defendant lacks sufficient information to admit or deny the allegations in paragraph 17 of plaintiff's Complaint and therefore denies same.

18. Defendant lacks sufficient information to admit or deny the allegations in paragraph 18 of plaintiff's Complaint and therefore denies same.

19. Defendant lacks sufficient information to admit or deny the allegations in paragraph 19 of plaintiff's Complaint and therefore denies same.

20. Defendant lacks sufficient information to admit or deny the allegations in paragraph 21 of plaintiff's Complaint and therefore denies same.

21. Defendant lacks sufficient information to admit or deny the allegations in paragraph 21 of plaintiff's Complaint and therefore denies same.

22. Defendant denies the allegations in paragraph 22 of plaintiff's Complaint.

23. Defendant denies the allegations in paragraph 23 of plaintiff's Complaint.

24. Defendant denies the allegations in paragraph 24 of plaintiff's Complaint.

25. Defendant denies it is indebted to plaintiff in the amount of $100,000.00 or in any amount.

26. Defendant will rely upon the affirmative defenses of contributory negligence, negligence of others, and the failure to mitigate damages.

27. To the extent that any allegation is not specifically admitted, it is denied.

28. Defendant reserves the right to assert additional defenses to this cause, affirmative or otherwise, if it is later determined that such defense is available to it.

WHEREFORE, the Defendant, J.C. Penney Company, Inc., by Counsel, prays that this Court dismiss the Complaint filed by the plaintiff and enter judgment in its favor allowing for attorney's fees and costs expended on its behalf.

J.C. PENNEY COMPANY, INC.

By: _Jessica Relyea_
       Counsel

Brian A. Cafritz, VSB# 34366
Jessica G. Relyea, VSB# 76775
KALBAUGH, PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, VA 23236
(804) 320-6300
(804) 320-6312 (fax)
Brian.Cafritz@kpmlaw.com
Jessica.Relyea@kpmlaw.com

Helen E. Jhun, VSB# 73070
KALBAUGH, PFUND & MESSERSMITH, P.C.
555 East Main Street, Suite 1200
Norfolk, VA 23510
(757) 623-4500
(757) 623-5700 (fax)
Helen.Jhun@kpmlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing Answer was mailed first class, postage prepaid, this 24th day of November, 2014, to:

Lowell A. Stanley, Esq.
THE LOWELL STANLEY FIRM
P.O. Box 12639
Norfolk, Virginia 23541
Counsel for Plaintiff

Craig Sarner, Esq.
BONNER KIERNAN TREBACH & CROCIATA, LLP
1233 20th Street NW, 8th Floor
Washington, D.C. 20036
(202) 712-7000
(202) 712-7100
csarner@bonnerkiernan.com
Counsel for Winter Construction

_____
Jessica G. Relyea