IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Newport News Division)

| | |
|---|---|
| **LARRY D. REESE** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 4:14cv156 |
| | ) |
| **J.C. PENNEY COMPANY, INC.**, *et al.* | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT WINTER CONSTRUCTION COMPANY'S
## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Winter Construction Company ("Defendant"), by and through counsel, Bonner Kiernan Trebach & Crociata LLP, and in response to the allegations contained in Plaintiff's Complaint, Defendant states the following:

1. Defendant does not have sufficient information or knowledge with which to respond to the allegations contained in paragraphs 1, 2 and 4 of Plaintiff's Complaint and, therefore, denies same and demands strict proof thereof.

2. The allegations contained in paragraphs 5, 6, 7 and 8 of Plaintiff's Complaint contain legal conclusions and/or opinions, for which no responses are deemed to be required. However, to the extent that responses are required by the court, Defendant does not have sufficient information or knowledge with which to respond thereto and, therefore, denies same and demands strict proof thereof.

3. Defendant denies the allegations contained in paragraphs 3, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23 and 24 of Plaintiff's Complaint and demands strict proof thereof.

4. The allegations contained in paragraph 17 of Plaintiff's Complaint contain legal conclusions and/or opinions, for which no responses are deemed to be required. However, to the extent that responses are required by the court, Defendant denies same, as phrased, and demands strict proof thereof.

5. Defendant denies that it is indebted to Plaintiff in the amount of $100,000.00 or in any amount.

6. Any allegation that is not specifically admitted, is hereby denied.

## DEFENSES AND AFFIRMATIVE DEFENSE

7. Defendant was not negligent.

8. Defendant was not in breach of any such duty to Plaintiff.

9. Plaintiff's claims are barred by his own contributory negligence and/or assumption of the risk.

10. Plaintiff failed to take due and appropriate care in the mitigation of his alleged injuries and damages.

11. Plaintiff's alleged damages were proximately caused by breaches, act(s) of commission or omission of others and/or over which Defendant exercised no control or right to control, and/or which act(s) intervened between and/or superseded Defendant's alleged breaches and/or acts and Plaintiff's alleged injuries and damages, thereby barring Plaintiff from any recovery from Defendant.

12. Some or all of Plaintiff's claimed damages were attributable to causes other than the incident complained of and must therefore be apportioned to such other causes accordingly.

304058-1

13. Plaintiff's alleged injuries and damages are not casually related to the events alleged in the Complaint.

14. Defendant was neither on notice of any such alleged dangerous and/or hazardous condition nor did Defendant have any opportunity and/or sufficient time to resolve, correct and/or remove any such alleged dangerous and/or hazardous condition.

15. Defendant further pleads the statute of limitations and/or worker's comp bar to the extent such defenses are applicable.

16. To the extent that Plaintiff has filed for bankruptcy, he may not be the proper Plaintiff and/or have standing in this action.

17. Any allegation that is not specifically admitted, is hereby denied.

18. Defendant reserves the right to assert other defenses as discovery (or at trial) in this case disclose a basis therefore.

WHEREFORE, Defendant Winter Construction Company, by counsel, prays that this Honorable Court dismiss the Complaint filed by the Plaintiff and enter judgment in its favor, allowing all costs expended on its behalf.

Respectfully Submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

/s/ Craig L. Sarner
Craig Sarner, Esquire, VSB #37384
1233 20th Street, N.W., 8th Floor
Washington, DC 20036
Telephone (202) 712-7000
Facsimile (202) 712-7100
**csarner@bonnerkiernan.com**

*Counsel for Defendant Winter Construction Company*

304058-1

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2014, a copy of the foregoing Answer was served via ECF and/or first class mail, postage prepaid, on:

Lowell A. Stanley, Esquire
THE LOWELL STANLEY FIRM
6330 Newtown Road, Suite 324
P.O. Box 12639
Norfolk, VA 23541
***Counsel for Plaintiff***

Brian A. Cafritz, Esquire
Jessica G. Relyea, Esquire
KALBAUGH, PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, VA 23236
Brian/Cafritz@kpmlaw.com
Jessica.Relyea@kpmlaw.com
***Counsel for Defendant J.C. Penney Company, Inc.***

Helen E. Jhun, Esquire
KALBAUGH, PFUND & MESSERSMITH, P.C.
555 East Main Street, Suite 1200
Norfolk, VA 23510
Helen.Jhun@kpmlaw.com
***Counsel for Defendant J.C. Penney Company, Inc.***

/s/Craig L. Sarner
Craig Sarner, Esquire, VSB #37384
**BONNER KIERNAN TREBACH & CROCIATA, LLP**
1233 20th Street, N.W., 8th Floor
Washington, DC  20036
Telephone (202) 712-7000
Facsimile (202) 712-7100
**csarner@bonnerkiernan.com**

***Counsel for Defendant Winter Construction Company***

304058-1