IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Newport News Division)

| | | |
|---|---|---|
| LARRY D. REESE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:14cv156 |
| | ) | |
| J.C. PENNEY COMPANY, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| WINTER CONSTRUCTION COMPANY | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PREMIUM INSTALLATION & MANAGEMENT, LLC | ) | |
| 26432 Mason Webster Road | ) | |
| Princess Anne, MD 21853 | ) | |
| | ) | |
| Serve: Registered Agent | ) | |
|      Jody L. Rote | ) | |
|      26432 Mason Webster Road | ) | |
|      Princess Anne, MD 21853 | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| | ) | |

### DEFENDANT WINTER CONSTRUCTION COMPANY'S THIRD-PARTY COMPLAINT AGAINST PREMIUM INSTALLATION & MANAGEMENT, LLC

COMES NOW Defendant/Third-Party Plaintiff Winter Construction Company ("WINTER" or "Third-Party Plaintiff"), by and through counsel, Bonner Kiernan Trebach & Crociata LLP, and for its Third-Party Complaint filed against Premium Installation & Management, LLC ("PREMIUM" or "Third-Party Defendant"), states as follows:

1. Plaintiff Larry D. Reese ("Plaintiff") filed suit against WINTER and Defendant JC Penney Company, Inc. claiming he was injured on November 30, 2012 when he was struck by falling materials from the ceiling, while he was in a dressing room at JC Penney located at 2071 Coliseum Drive, Hampton, Virginia. (*See* Exhibit A, Plaintiff's Complaint, which is incorporated by reference as if fully set forth herein.)

2. WINTER has filed an Answer denying the allegations contained in Plaintiff's Complaint. (*See* Exhibits B and C, Answer to Plaintiff's Complaint).

3. By "Master Services Agreement" ("Master Agreement"), dated June 25, 2012, JC Penney contracted with WINTER to perform remodeling services at the JC Penney's located at 2071 Coliseum Drive, Hampton, VA. (*See*, Exhibit D, Master Agreement, Pages 1, 2 and 27 only).

4. By "Short-Form Subcontract" ("Subcontract"), dated July 16, 2012, WINTER contracted with PREMIUM to provide carpentry and related services at the JC Penney's located at 2071 Coliseum Drive, Hampton, VA. (*See*, Exhibit E, Subcontract, redacted).

5. The services performed by PREMIUM included construction of the dressing room walls, ceiling and related items, where Plaintiff alleges he sustained injury.

6. Plaintiff alleges that WINTER was negligent in that it failed "to use reasonable care to protect against hazards arising from the natural processes of building … remodeling and/or construction."

7. In accordance with ¶ 2 of the Subcontract, the Master Agreement was incorporated therein and PREMIUM agreed to be "bound to WINTER … in the same manner and to the same extent as WINTER is bound to the OWNER." Owner being defined as JC Penney.

303746-1

8. The Agreement also contains an Indemnification provision (¶ 3.), which provides that PREMIUM "agree to indemnify WINTER and hold WINTER harmless from any claim brought by any party for the alleged negligence, malfeasance or breach of duty of [PREMIUM] …"

9. The Agreement also contains an indemnity provision in ¶ 7, along with a requirement that WINTER be added as an additional insured "upon [PREMIUM] liability and other insurance policies."

10. WINTER has denied any and all liability for Plaintiff's injuries and damages. However, in the event that WINTER is adjudged liable to Plaintiff based, in whole or in part, upon the work performed by PREMIUM, then PREMIUM must indemnify (and hold harmless) WINTER for any such judgment, as well as attorney fees and costs of defense.

11. WINTER is also to be covered under PREMIUM'S Commercial General Liability policy ("CGL") as an additional insured.

12. However, to date, PREMIUM has neither agreed to indemnity WINTER nor has PREMIUM 'S CGL insurer agreed to defend and/or indemnify WINTER.

## COUNT I – BREACH OF CONTRACT

13. WINTER incorporates paragraphs 1 through 12, by reference, as if fully set forth herein.

14. WINTER denies any and all liability for Plaintiff's injuries and damages. However, in the event that WINTER is adjudged liable to Plaintiff, then, pursuant to ¶¶ 3 and 7 of the Subcontract, PREMIUM agreed to indemnify (and hold harmless) WINTER "from all claims, liability, loss, damage or injuries of every kind … resulting from the performance … by [PREMIUM] …."

303746-1

15.  ¶ 13 of the Subcontract provides for WINTER'S reasonable attorneys fees and expenses "in the event that it becomes necessary for WINTER to retain an attorney as a result of any breach by [PREMIUM] … as well as any damages resulting from the breach."

16.  Plaintiff has alleged that he was injured by falling materials in the dressing room at the JC Penney's located at 2071 Coliseum Drive, Hampton, VA, which was caused by the negligence of WINTER.

17.  Accordingly, PREMIUM is contractually required to indemnify WINTER from Plaintiff's claims.

18.  However, to date, despite demands to indemnify WINTER, PREMIUM has failed and/or refused to do so.

19.  In addition, despite PREMIUM being contractually obligated to include WINTER as an additional insured under its CGL policy, WINTER being identified as a Certificate Holder on the Certificate of Liability Insurance (See, Exhibit D, Certificate of Liability Insurance) and WINTER'S tender of defense to PREMIUM'S CGL insurer, WINTER'S tender has been refused and/or denied.

20.  Therefore, PREMIUM is in breach of the Agreement by its failure and/or refusal to indemnify WINTER and/or the denial and/or refusal to accept WINTER'S tender of defense and/or indemnity.

**WHEREFORE**, WINTER demands judgment against PREMIUM for breach of contract, for any and all sums adjudged in favor of Plaintiff against WINTER, as well as costs, expenses and attorney's fees.

## COUNT II – EXPRESS INDEMNITY

21. WINTER incorporates paragraphs 1 through 20, by reference, as if fully set forth herein.

22. WINTER denies any and all liability for Plaintiff's injuries and damages. However, in the event that WINTER is adjudged liable to Plaintiff, then, pursuant to ¶¶ 3 and 7 of the Subcontract, PREMIUM agreed to indemnify (and hold harmless) WINTER "from all claims, liability, loss, damage or injuries of every kind … resulting from the performance … by [PREMIUM]. …."

23. ¶ 13 of the Subcontract provides for WINTER'S reasonable attorneys fees and expenses "in the event that it becomes necessary for WINTER to retain an attorney as a result of any breach by [PREMIUM] … as well as any damages resulting from the breach."

24. Plaintiff has alleged that he was injured by falling materials in the dressing room at the JC Penney's located at 2071 Coliseum Drive, Hampton, VA, which was caused by the negligence of WINTER.

25. Accordingly, PREMIUM is contractually required to indemnify WINTER from Plaintiff's claims.

26. However, to date, despite demands to indemnify WINTER, PREMIUM has failed and/or refused to do so.

**WHEREFORE**, WINTER demands judgment against PREMIUM for express indemnity, for any and all sums adjudged in favor of Plaintiff against WINTER, as well as costs, expenses and attorney's fees.

303746-1

## COUNT III – IMPLIED INDEMNITY

27. WINTER incorporates paragraphs 1 through 26, by reference, as if fully set forth herein.

28. WINTER denies any and all liability for Plaintiff's injuries and damages. However, in the event that WINTER is adjudged liable to Plaintiff, then PREMIUM must indemnify (and hold harmless) WINTER for any such judgment, as well as attorney fees, expenses and costs of defense.

29. The duty of PREMIUM to indemnify WINTER is implied from the nature of the special relationship between them; to wit, PREMIUM had an obligation to properly perform its contracted for work, which included the installation of the walls, ceiling and related items for the dressing room in which Plaintiff alleges he sustained injury from falling materials from the ceiling. The improper installation of the dressing room is alleged by Plaintiff to cause and/or contribute to the damages and losses giving rise to Plaintiff's claims.

30. Accordingly, while WINTER denies any liability to Plaintiff, if WINTER is found liable to Plaintiff, based upon the improper installation of the dressing room (ceiling, walls and related items), then WINTER is entitled to indemnity from PREMIUM because such a right is implied by the nature of the business relationship between WINTER and PREMIUM.

**WHEREFORE**, WINTER demands judgment against PREMIUM for implied indemnity, for any and all sums adjudged in favor of Plaintiff against WINTER, as well as costs, expenses and attorney's fees.

303746-1

## COUNT IV – EQUITABLE INDEMNITY

31. WINTER incorporates paragraphs 1 through 30, by reference, as if fully set forth herein.

32. WINTER denies any and all liability for Plaintiff's injuries and damages. However, in the event that WINTER is adjudged liable to Plaintiff, then PREMIUM must indemnify (and hold harmless) WINTER, including but not limited to reimbursement/payment of any judgment, attorney fees, expenses and costs.

33. The duty of Premium to indemnify WINTER is implied by law to prevent an unjust, unfair and unsatisfactory result, which would result if WINTER had to bear a loss caused by PREMIUM'S alleged improper installation of the dressing room (walls, ceiling and related items).

34. Accordingly, while WINTER denies any liability to Plaintiff, if WINTER is adjudged liable to Plaintiff, then WINTER is entitled to equitable indemnity from PREMIUM because WINTER is without personal fault for any damages Plaintiff may have suffered.

**WHEREFORE**, WINTER demands judgment against PREMIUM for equitable indemnity, for any and all sums adjudged in favor of Plaintiff against WINTER, as well as costs, expenses and attorney's fees.

## COUNT V – CONTRIBUTION

35. WINTER incorporates paragraphs 1 through 34, by reference, as if fully set forth herein.

36 While WINTER denies any liability to Plaintiff, if WINTER is adjudged liable to Plaintiff, then WINTER is entitled to contribution from PREMIUM because WINTER is without personal fault for any damages Plaintiff may have suffered.

303746-1

**WHEREFORE**, WINTER demands judgment against PREMIUM for contribution for any and all sums adjudged in favor of Plaintiff against WINTER, as well as costs, expenses and attorney's fees.

Date: December 3, 2014.

                                      Respectfully Submitted,

                                      **BONNER KIERNAN TREBACH & CROCIATA, LLP**

                                      /s/ Craig L. Sarner
                                    Craig Sarner, Esquire, VSB #37384
                                    1233 20th Street, N.W., 8th Floor
                                    Washington, DC 20036
                                    Telephone (202) 712-7000
                                    Facsimile (202) 712-7100
                                    **csarner@bonnerkiernan.com**

                                    *Counsel for Defendant/Third-Party Plaintiff*
                                    *Winter Construction Company*

303746-1

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2014, a copy of the foregoing Third-Party Complaint was served via ECF and/or first class mail, postage prepaid, on:

Lowell A. Stanley, Esquire
THE LOWELL STANLEY FIRM
6330 Newtown Road, Suite 324
P.O. Box 12639
Norfolk, VA 23541
***Counsel for Plaintiff***

Brian A. Cafritz, Esquire
Jessica G. Relyea, Esquire
KALBAUGH, PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, VA 23236
Brian/Cafritz@kpmlaw.com
Jessica.Relyea@kpmlaw.com
***Counsel for Defendant J.C. Penney Company, Inc.***

Helen E. Jhun, Esquire
KALBAUGH, PFUND & MESSERSMITH, P.C.
555 East Main Street, Suite 1200
Norfolk, VA 23510
Helen.Jhun@kpmlaw.com
***Counsel for Defendant J.C. Penney Company, Inc.***

/s/ Craig L. Sarner
Craig Sarner, Esquire, VSB #37384
**BONNER KIERNAN TREBACH & CROCIATA, LLP**
1233 20th Street, N.W., 8th Floor
Washington, DC 20036
Telephone (202) 712-7000
Facsimile (202) 712-7100
**csarner@bonnerkiernan.com**

***Counsel for Defendant/Third-Party Plaintiff***
***Winter Construction Company***

303746-1