United States District Court
for the
Eastern Shore of Virginia

| | |
|---|---|
| <u>     Larry D. Reese                              </u>  ) | |
| *(plaintiff)*  ) | |
| V.                                                                  ) | Civil Action No. 4:14cv156 |
| <u>Winter Construction Company            </u>  ) | |
| *Defendant Third Party Plaintiff*  ) | |
| V.                                                                  ) | |
| <u>Premium Installation & Management, LLC    </u>  ) | |
| *Third Party Defendant*  ) | |

Notice of Denial of Third Party Complaint against Premium Installation & Management, LLC

To:

Plaintiffs Attorney whose name and address are;
Lowell A. Stanley
6330 Newton Road, Ste 324
Norfolk, VA  23541

Defendant's Attorney addresses are;

Craig L Starner                                  Brian Cafritz. Esq.
1233 20th St., N.W. 8th Floor        901 Moorefield Park Dr., Ste 200
Washington, DC  20036                 Richmond, VA  23236

Date: 12/26/2014                             Premium Installation agent _____

Premium Installation & Management, LLC is fillinf an answer denying any and all allegations contained in Plaintiff or Third Party Plaintiff  complaint.  To our understanding, which is only verbal at

Premium Installation & Management, LLC Is filing an answer denying any and all allegations contained in Plaintiff or Third Party Plaintiff Complaint.  To our understanding, which is only verbal at Premium Installation & Management, LLC Is filing an answer denying any and all allegations contained in Plaintiff or Third Party Plaintiff Complaint.  To our understanding, which is only verbal at this time, there was an electrical fixture that struck the Plaintiff with which Premium Installation & Management, LLC did not install nor are we licensed to install electrical products whatsoever.

Count 1 Breach of contract, Premium denies any and all liability for plaintiff's injuries and damages, along with any liability to Winter as Premium fulfilled their contractual obligation plus or minus 60 days prior to alleged incident  Furthermore, per contract all certificates were in Winters possession before, during, and after work was performed.  Therefore, premium is not in breach of any agreement, as premium neither denied nor refused Winters Tender of Defense nor Indemnity.

Count 2 Breach of contract, Premium denies any and all liability for plaintiff's injuries and damages, along with any liability to Winter as Premium fulfilled their contractual obligation plus or minus 60 days prior to alleged incident  Furthermore, per contract all certificates were in Winters possession before, during, and after work was performed.  Therefore, premium is not in breach of any agreement, as premium neither denied nor refused Winters Tender of Defense nor Indemnity.  Premium denies judgment for express indemnity to Winter, JC Penny or Mr. Reese, as all required insurances were in place.

Count 3 Breach of contract, Premium denies any and all liability for plaintiff's injuries and damages, along with any liability to Winter as Premium fulfilled their contractual obligation plus or minus 60 days prior to alleged incident  Furthermore, per contract all certificates were in Winters possession before, during, and after work was performed.  Therefore, premium is not in breach of any agreement, as premium neither denied nor refused Winters Tender of Defense nor Indemnity.  Premium denies judgment for implied indemnity to Winter, JC Penny or Mr. Reese, as all required insurances were in place.

Count 4 Breach of contract, Premium denies any and all liability for plaintiff's injuries and damages, along with any liability to Winter as Premium fulfilled their contractual obligation plus or minus 60 days prior to alleged incident  Furthermore, per contract all certificates were in Winters possession before, during, and after work was performed.  Therefore, premium is not in breach of any agreement, as premium neither denied nor refused Winters Tender of Defense nor Indemnity.  Premium

Denies judgment for equitable indemnity to Winter, JC Penny or Mr. Reese, as all required insurances were in place.

Count 5  Premium denies any liability to Plaintiff or Third Party Plaintiff as well as, denies any contribution to Winter for personal fault or damages; as firstly there were other temporary labor companies, supplied by Winter separately from Premium's contract sharing in the burden of work being performed by Premium, this occurred on more than one JC Penny Store, as well as, Winter supplied plumbers, electricians, carpet installers, dry wallers, and Winter working superintendent. Secondly, since there was still work taking place plus or minus 60 days after Premium fulfilled its contractual obligations, Premium can accept or assume no liability for work completed, changed, and or adjusted, when we were no longer on site. Thirdly, Premium Installation performs and is a carpentry company.

Respectfully submitted,

*[signature]*

Premium Installation & Management, LLC

26432 Mason Webster Rd.

Princess Anne, MD  21853

Premium
26432 Mason Webster
Plumestone MD 21853

600 Granby St → United States District CT.
Eastern District of Virginia
Norfolk, VA. 23510

**CERTIFIED MAIL**

U.S. MARSHALS INSPECTED

7013 3020 0000 3732 2364

DEC 2014

UNITED STATES POSTAL SERVICE
1000
23510

U.S. POSTAGE PAID
WESTOVER, MD
DEC 29, 14
$3.79
0005835 7-04

23510+9999