IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Newport News Division)

| | | |
|---|---|---|
| LARRY D. REESE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 4:14cv156 |
| | : | |
| J.C. PENNEY COMPANY, INC. *et al.*, | : | |
| | : | |
| Defendants. | : | |

### J.C. PENNEY COMPANY, INC.'S CROSS-CLAIM

COMES NOW the Defendant/Cross-Claimant, J.C. PENNEY COMPANY, INC. ("J.C. Penney"), by counsel, and pursuant to Rule 13 of the Federal Rules of Civil Procedure, files the following Cross-Claim, seeking indemnification and/or contribution from co-Defendant/Cross-Claim Defendant Winter Construction Company ("Winter"). In support hereof, J.C. Penney states as follows:

### FACTS

1. In the above styled action, Plaintiff filed a Complaint against J.C. Penney and Winter, seeking recovery for damages allegedly incurred as a result of an incident which occurred on November 30, 2012.

2. Plaintiff alleges that on November 30, 2012 he was injured when debris fell on him while he was a business invitee at a retail store owned and operated by J.C. Penney. See Compl.

3. Plaintiff further alleges that his injuries were caused because while at the site, Winter negligently, recklessly and improperly "managed, operated and maintained its construction premises." See Compl., ¶¶ 16-19.

4. J.C. Penney and Winter entered into a construction contract, called a "Master Services Agreement," on or about June 25, 2012 wherein Winter agreed to perform certain construction work for J.C. Penney at the retail location where the above-described incident took place. The Master Services Agreement described and controlled the terms, duties, and obligations that Winter owed to J.C. Penney for construction services it was to provide to J.C. Penney at said retail location.

5. Winter performed construction work at the above-described retail location, in the area in which the Plaintiff was allegedly injured, pursuant to the terms and conditions of the Master Services Agreement.

6. The Master Services Agreement remained in full force and effect during the time of the construction at the above described retail location and, with respect to indemnification and warranty provisions, at the time of the Plaintiff's alleged injuries.

7. Plaintiff's alleges that his injuries were caused by a dangerous condition created by Winter during the construction in the area where the above described incident occurred.

8. Pursuant to Article 13 of the Master Services Agreement, Winter was to furnish and maintain in full force Commercial General Liability Insurance policy.

9. Pursuant to Article 13 of the Master Services Agreement, Winter was to have J.C. Penney named as an additional insured under its Commercial General Liability Insurance Policy.

10. Winter represented to J.C. Penney that it was qualified and capable of performing the requested construction work at J.C. Penney's retail location.

11. Winter represented to J.C. Penney that it would secure and maintain all necessary permits and licenses for the performance of the construction work at J.C. Penney's retail location.

12. Winter represented to J.C. Penney that its work would be performed in the best workmanlike manner by workers skilled in their respective trades.

13. J.C. Penney relied on each of the terms and warranties, express and/or implied, in the Master Services Agreement and on Winter's ability to perform the construction work on J.C. Penney's retail location.

## COUNT I
(Breach of Contract)

14. J.C. Penney incorporates the allegations contained in paragraphs 1-13 into this paragraph as if fully set forth in their entirety.

15. Winter entered into a Master Services Agreement with J.C. Penney to govern the terms of the commercial relationship between Winter and J.C. Penney.

16. J.C. Penney relied upon the various terms of the Master Services Agreement in connection with the construction performed by Winter at J.C. Penney's above described retail location.

17. In Article 4 of the Master Services Agreement, Winter represented to J.C. Penney that all work performed pursuant to the Master Services Agreement would be "performed in the best workmanlike manner by workers skilled in their respective trades."

18. In Article 4 of the Master Services Agreement, Winter represented to J.C. Penney that it would secure and maintain all necessary licenses and permits to perform the construction work at J.C. Penney's above described retail location.

19. In Article 10 of the Master Services Agreement, Winter warranted to J.C. Penney that its work would be performed according to the terms of the Master Services Agreement and would be free from defects. Winter warranted to J.C. Penney that if, within the longer of one year following the date of final payment by J.C. Penney or the statute of limitations for latent defects, Winter's work was found to be defective, it would correct it promptly.

20. In Article 14 of the Master Services Agreement, Winter agreed to

> defend, indemnify and hold harmless [J.C. Penney] . . . from and against any and all costs, losses and expenses, liability, damages, settlements, and claims for damages (including attorney's fees and costs for defending any action) suffered, incurred, relating to or arising from the performance of [Winter's] Services including, but not limited to . . . injury to or death of persons, or damage to or destruction of property, including property of [J.C. Penney], arising or resulting from [Winter's] Services or from any actual or alleged acts, omissions, or negligence of [Winter], Architect, any Subcontractor or other Person designing or performing any portion of [Winter's] Services . . . .

21. On or about December 4, 2014, J.C. Penney, by counsel, made demands upon Winter and its insurance carrier to defend, indemnify, and hold it harmless for the claims raised by the Plaintiff.

22. As of the date of this pleading, Winter and its insurer have failed to accept J.C. Penney's demand for indemnification and defense of Plaintiff's claims.

23. Winter has breached the terms of the Master Services Agreement by rejecting J.C. Penney's demand for defense and indemnification; by failing to have J.C. Penney named as an additional insured under its Commercial General Liability policy; and by failing to comply with the promises, representations, warranties, and obligations required under the Master Services Agreement it was bound by.

24. To the extent that Plaintiff proves his allegations as against J.C. Penney, the legal exposure to J.C. Penney and the costs incurred in defending itself would be a direct result of the acts or omissions of Winter, the construction services, and the breach of the warranties and promises (both express and implied) that were made to J.C. Penney and further would be a direct result of Winter's breach of its duties and obligations under the Master Services Agreement.

25. As a result of Winter's breach of the terms of the Master Services Agreement, J.C. Penney has incurred substantial costs and fees both to defend itself and to enforce the terms of the Master Services Agreement.

26. Pursuant to the terms and conditions contained in Article 14 of the Master Services Agreement, J.C. Penney is entitled to recover any and all costs and expenses, (including interest and attorney's fees), incurred in connection with the indemnification terms of the Master Services Agreement.

27. In the event the Plaintiff recovers a judgment against J.C. Penney, J.C. Penney is entitled to indemnification from Winter due to its breach of the Master Services Agreement.

## COUNT II
(Breach of Express Warranty)

28. J.C. Penney incorporates the allegations contained in paragraphs 1-27 into this paragraph as if fully set forth in their entirety.

29. Winter expressly warranted that the construction work it was to perform under the Master Services Agreement would be of the best quality.

30. To the extent Plaintiff recovers a judgment against J.C. Penney for the existence of a dangerous condition at its retail location; or for failure to comply with the

statutes, laws, ordinances, and applicable building codes; or that it failed to immediately remedy any dangerous condition, Winter breached the express warranties to J.C. Penney, and J.C. Penney is entitled to indemnification and/or contribution from Winter, which was contracted to perform construction of the area where the Plaintiff alleges he was injured.  J.C. Penney is further entitled to recover any and all costs and expenses (including interest and attorney's fees), incurred in accordance with the indemnification terms of the Master Services Agreement.

## COUNT III
(Breach of Implied Warranty

31.   J.C. Penney incorporates the allegations contained in paragraphs 1-30 into this paragraph as if fully set forth in their entirety.

32.   Winter impliedly warranted to J.C. Penney that all of the construction work that it would perform on J.C. Penney's above described retail location would be performed in a good and workmanlike manner with proper workmanship and quality.

33.   To the extent Plaintiff recovers a judgment against J.C. Penney for the existence of a dangerous condition at its retail location, , or by failing to comply with the statutes, laws, ordinances and applicable building codes, or that it failed to immediately remedy any dangerous condition, Winter breached the implied warranties to J.C. Penney, and J.C. Penney is entitled to indemnification and/or contribution from Winter, which was contracted to perform construction of the area where the Plaintiff alleges he was injured.

## COUNT IV
(Negligence)

34.  J.C. Penney incorporates the allegations contained in paragraphs 1-33 into this paragraph as if fully set forth in their entirety.

35.  Winter had a duty to perform all construction at J.C. Penney's retail location in a competent and reasonable manner, with due care in accordance with the standards of the industry.

36.  Plaintiff alleges that Winter's failure to perform the construction work in a competent and reasonable manner created the dangerous condition Plaintiff alleges caused his injuries.

37.  Any injuries sustained by the Plaintiff as a result of the above described incident were solely and proximately caused by the negligence of Winter and are in no way attributable to any action(s) or negligence on the part of J.C. Penney.

38.  While J.C. Penney denies that it was in any way negligent and/or liable to the Plaintiff, in the event judgment is entered in favor of the Plaintiff as against J.C. Penney, then Winter will be liable to J.C. Penney for all or part of any judgment rendered against J.C. Penney, including interest and including attorneys' fees and costs, as allowed by the Master Services Agreement, as well as such other relief as justice may require.

WHEREFORE, the Defendant/Cross-Claimant, J.C. Penney Company, Inc., by counsel, requests that this Court enter judgment against Defendant Winter Construction Company for indemnification and/or contribution of any judgments that may be recovered against Defendant J.C. Penney by Plaintiff in the above styled action.

Defendant J.C. Penney further prays that it be awarded expenses, costs and attorney's fees from Defendant Winter as the ends of justice may require.

                                                              _____/s/_____
Brian A. Cafritz, VSB# 34366
Jessica G. Relyea, VSB# 76775
*Counsel for J.C. Penney Corporation , Inc.*
KALBAUGH, PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, VA 23236
(804) 320-6300
(804) 320-6312 (fax)
Brian.Cafritz@kpmlaw.com
Jessica.Relyea@kpmlaw.com

Helen E. Jhun, VSB# 73070
*Counsel for J.C. Penney Corporation, Inc.*
KALBAUGH, PFUND & MESSERSMITH, P.C.
555 East Main Street, Suite 1200
Norfolk, VA 23510
(757) 623-4500
(757) 623-5700
Helen.Jhun@kpmlaw.com

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and accurate copy of the foregoing was filed this 24th day of March, 2015 using the Court's CM/ECF filing system, which sent notice to:

Lowell A. Stanley, Esq.
THE LOWELL STANLEY FIRM
P.O. Box 12639
Norfolk, Virginia 23541
*Counsel for Plaintiff*

Craig D. Sarner, Esq.
BONNER KIERNAN TREBACH & CROCIATA, LLP
1233 20th Street NW, 8th Floor
Washington, D.C. 20036
*Counsel for Winter Construction Company*

Wirt P. Marks, IV, Esq. (VSB #36770)
Robert Harrington & Associates
7401 Beaufont Springs Drive, Suite 401
Richmond, VA 23225
*Counsel for Premium Installation & Management, LLC*

            _____/s/_____
            Brian A. Cafritz, VSB# 34366
            Jessica G. Relyea, VSB# 76775
            *Counsel for J.C. Penney Corporation , Inc.*
            KALBAUGH, PFUND & MESSERSMITH, P.C.
            901 Moorefield Park Drive, Suite 200
            Richmond, VA 23236
            (804) 320-6300
            (804) 320-6312 (fax)
            Brian.Cafritz@kpmlaw.com
            Jessica.Relyea@kpmlaw.com

            Helen E. Jhun, VSB# 73070
            *Counsel for J.C. Penney Corporation, Inc.*
            KALBAUGH, PFUND & MESSERSMITH, P.C.
            555 East Main Street, Suite 1200
            Norfolk, VA 23510
            (757) 623-4500
            (757) 623-5700
            Helen.Jhun@kpmlaw.com