IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| Larry D. Reese, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14cv156-RGD-TEM |
| ) | |
| J.C. Penney Company, Inc. ) | |
| *also known as* ) | |
| JCPenney Company of Virginia, ) | |
| ) | |
| Winter Construction Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Winter Construction Company, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Premium Installation & Management, LLC ) | |
| ) | |
| Third-Party Defendant. ) | |

## AMENDED COMPLAINT

**COMES NOW** the plaintiff, **Larry D. Reese,** by counsel, and moves for judgment and award of execution against the defendants, **J.C. Penney Company, Inc. a/k/a JCPenney Company of Virginia and Winter Construction Company**, jointly and severally, in the amount of Seventy-four Thousand Dollars ($74,000.00) plus costs and interest from November 30, 2012, as provided in Virginia Code §8.01-382, (1950), as amended, which sum is due the plaintiff by the defendant for damages, wrongs, and injuries as hereinafter set forth, to-wit:

1. Plaintiff, Larry D. Reese, is a resident of Yorktown, Virginia.

2. On or about November 30, 2012, the defendant, J. C. Penney Company, Inc. a/k/a JCPenney Company of Virginia was conducting business at or near its retail location located at or near 2071 Coliseum Drive, in the City of Hampton, Virginia.

3. On the same date and place as aforesaid, the defendant, Winter Construction Company, was conducting business at or near 2071 Coliseum Drive, in the City of Hampton, Virginia.

4. On the same date and place as aforesaid, the plaintiff, Larry D. Reese, was conducting business with the defendant, J. C. Penney Company, Inc. a/k/a/ JCPenney Company of Virginia.

5. On the same date and place as aforesaid and during normal business hours, the plaintiff, Larry D. Reese, was a business invitee of the defendant, J. C. Penney Company, Inc. a/k/a JCPenney Company of Virginia at or near its retail location at or near 2071 Coliseum Drive, in the City of Hampton, Virginia.

6. On the same date and place as aforesaid, the defendant, J. C. Penney Company, Inc. a/k/a JCPenney Company of Virginia, operated and maintained the place of business.

7. On the same date and place as aforesaid, the defendant, J. C. Penney Company, Inc. a/k/a JCPenney Company of Virginia, maintained its business for the use of its customers.

8. On the same date and place as aforesaid, the defendant, J. C. Penney Company, Inc. a/k/a JCPenney Company of Virginia, owed the plaintiff, Larry D. Reese, a duty to use reasonable care to protect against hazards arising from the natural processes of building maintenance, upkeep, remodeling, and/or construction.

9. On the same date and place as aforesaid, the defendant, J. C. Penney Company, Inc. a/k/a JCPenney Company of Virginia, knew or in the exercise of reasonable care should

have known, that there was a hazardous condition in the place of business.

10. On the same date and place as aforesaid, the defendant, J. C. Penney Company, Inc. a/k/a JCPenney Company of Virginia, improperly, negligently, recklessly, and carelessly managed, operated, and maintained its premises so that by reason thereof and as a direct result thereof, caused and/or contributed to cause materials to violently fall from the ceiling immediately above the plaintiff, Larry D. Reese, and strike the plaintiff, Larry D. Reese.

11. On the same date and place as aforesaid, the defendant, J. C. Penney Company, Inc. a/k/a JCPenney Company of Virginia, breached its duty to the plaintiff by negligently failing to remove the hazardous condition within a reasonable amount of time, by failing to block or barricade the hazardous condition until such time as it could be remedied, and by failing to take reasonable steps to warn the plaintiff, Larry D. Reese, of the hazardous condition.

12. The negligence of the defendant, J. C. Penney Company, Inc. a/k/a JCPenney Company of Virginia, includes, but is not limited to, failure to use ordinary care to keep the premises in a proper condition; failure to use ordinary care to warn of any unsafe condition; failure to use ordinary care to monitor the premises for unsafe conditions; failure to use ordinary care to monitor the premises for unsafe hazards; failure to use ordinary care in the overseeing of other persons on its premises; and failure to comply with state laws and/or ordinances applicable to individuals operating motor vehicles in the Commonwealth of Virginia.

13. As a direct result of such negligence, the plaintiff, Larry D. Reese, was struck and sustained personal injuries, incurred medical bills, suffered lost wages, and endured pain and suffering.

14. On the same date and place as aforesaid and during normal business hours, the plaintiff, Larry D. Reese, was a business invitee of the defendant, Winter Construction Company, at or near 2071 Coliseum Drive, in the City of Hampton, Virginia.

15. On the same date and place as aforesaid, the defendant, Winter Construction Company, was operating and conducting business at the place of business.

16. On the same date and place as aforesaid, the defendant, Winter Construction Company, operated and conducted its business for the use of its customers and the customers of its customers.

17. On the same date and place as aforesaid, the defendant, Winter Construction Company, owed the plaintiff, Larry D. Reese, a duty to use reasonable care to protect against hazards arising from the natural processes of building maintenance, upkeep, remodeling, and/or construction.

18. On the same date and place as aforesaid, the defendant, Winter Construction Company, knew or in the exercise of reasonable care should have known, that there was a hazardous condition in the place of business.

19. On the same date and place as aforesaid, the defendant, Winter Construction Company, improperly, negligently, recklessly, improperly, negligently, recklessly, and carelessly managed, operated, and maintained its construction premises so that by reason thereof and as a direct result thereof, caused and/or contributed to cause materials to violently fall from the ceiling immediately above the plaintiff, Larry D. Reese, and strike the plaintiff, Larry D. Reese.

20. The defendant, Winter Construction Company, breached its duty to the plaintiff by negligently failing to remove the hazardous condition within a reasonable amount of time,

by failing to block or barricade the hazardous condition until such time as it could be remedied, and by failing to take reasonable steps to warn the plaintiff, Larry D. Reese, of the hazardous condition.

21. The negligence of the defendant, Winter Construction Company, includes, but is not limited to, failure to use ordinary care to keep the premises in a proper condition; failure to use ordinary care to warn of any unsafe condition; failure to use ordinary care to monitor the premises for unsafe conditions; failure to use ordinary care to monitor the premises for unsafe hazards; failure to use ordinary care in the overseeing of other persons on its premises; and failure to comply with state laws and/or ordinances applicable to individuals operating motor vehicles in the Commonwealth of Virginia.

22. As a direct result of such negligence, the plaintiff, Larry D. Reese, was struck and sustained personal injuries, incurred medical bills, suffered lost wages, and endured pain and suffering.

23. As a direct and proximate result of the negligence, carelessness, and recklessness of the defendants as aforesaid, the plaintiff was caused to suffer and continues to suffer serious and permanent injuries, severe physical pain, and mental anguish now and in the future, and the plaintiff has incurred and will incur in the future hospital, doctor, and related bills in an effort to be cured of said injuries, has lost wages, and has been unable to carry on activities normally associated with his person and station in life.

24. As a further direct and proximate result of the negligence of both defendants, the plaintiff, Larry D. Reese, sustained additional damages of pain and suffering, loss of earnings, loss of earning capacity, an inability to enjoy the normal functions of life, and health care expenses.

WHEREFORE, the plaintiff, Larry D. Reese, respectfully prays for judgment and an award of execution against the defendant, J. C. Penney Company, Inc. a/k/a JCPenney Company of Virginia and Winter Construction Company, jointly and severally, in the amount of $74,000.00, plus costs and interest from November 30, 2012, as provided in Virginia Code §8.01-382, (1950), as amended, for personal injuries and losses sustained by the plaintiff as a direct and proximate result of the defendants' negligence.

A jury trial is demanded.

LARRY D. REESE

By: _____

Of Counsel

Lowell A. Stanley, Esq.  VSB 18323
THE LOWELL STANLEY FIRM
6330 Newtown Road, Suite 324
P.O. Box 12639
Norfolk, Virginia 23541
(757) 461-5555
(757) 466-1527 (Facsimile)